UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **EXPERT MEDICAL GROUP, S.C.**, an Illinois corporation, **ASCOT DIAGNOSTIC SERVICES, INC.**, an Illinois corporation, and **AKBER KHAN**, an individual, and **MOHAMMED JAWEED**, an individual, <br><br> Defendants. | Civil Action No.: 1:18-cv-4146 <br><br> Equitable and Legal Relief Sought |

## **COMPLAINT**

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants **EXPERT MEDICAL GROUP, S.C.,** an Illinois corporation, **ASCOT DIAGNOSTIC SERVICES, INC.,** an Illinois corporation, **AKBER KHAN**, an individual, and **MOHAMMED JAWEED**, an individual (hereinafter collectively "defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A) Defendant, **EXPERT MEDICAL GROUP, S.C.**, is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 136 W. Higgins Road, Hoffman Estates, Illinois 60169, in Cook County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in providing primary medical services and spa services and in the performance of related types of activities.

(B) Defendant, **ASCOT DIAGNOSTIC SERVICES, INC.,** is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 138 W. Higgins Road, Ste. B, Hoffman Estates, Illinois 60169, in Cook County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in providing in-home medical testing services and in the performance of related types of activities.

(C) Defendant, **AKBER KHAN**, an individual, is owner of both Expert Medical Group, S.C. and Ascot Diagnostic Services, Inc. At all times hereinafter mentioned, **AKBER KHAN** was engaged in business within Cook County at 136 and 138-B W. Higgins Road, Hoffman Estates, Illinois 60169, acting directly or indirectly in the interest of the company defendants in relation to their employees. **AKBER KHAN**, an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the businesses, supervises employees, determines pay practices, and has the authority to hire and fire employees of the company defendants.

(D) Defendant, **MOHAMMED JAWEED**, an individual, is Vice President of both Expert Medical Group, S.C. and Ascot Diagnostic Services, Inc. At all times hereinafter mentioned, **MOHAMMED JAWEED** was engaged in business within Cook County at 136 and 138-B W. Higgins Road, Ste. B, Hoffman Estates, Illinois 60169, acting directly or indirectly in

the interest of the company defendants in relation to their employees. **MOHAMMED JAWEED**, an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the businesses, supervises employees, determines pay practices, and has the authority to hire and fire employees of the company defendants.

### III

(A)    Defendant, **EXPERT MEDICAL GROUP, S.C.**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

(B)    Defendant, **ASCOT DIAGNOSTIC SERVICES, INC.**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

(A)    **EXPERT MEDICAL GROUP, S.C.**, is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

(B) **ASCOT DIAGNOSTIC SERVICES, INC.**, is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

**V**

Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for all hours worked, in that they failed to pay employees any amount for hours worked. The defendants missed payrolls and, as a result, did not pay employees for all hours worked.

**VI**

(A) Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Technicians, office

workers, and medical staff were knowingly misclassified as independent contractors and paid a straight salary, for all hours worked without compensating said employees at rates not less than one and one-half times their regular rates for their overtime hours.

  (B) Defendants formed a staffing company, Integra Staffing Services, Inc. ("Integra"), for the purpose of providing workers misclassified as independent contractors. Integra's only business purpose is to provide workers for defendants. It does not have a location or office independent of defendants. It relies on defendants to perform all of its business, including administering its workers' work and employment.

  (C) For technicians not paid through Integra, the defendants required, as a condition of employment, that the workers incorporate "businesses". The defendants did not expect that their workers would actually operate independent businesses. The defendants solely controlled the workers' work schedules, work locations, pay for work, and how the work was performed. Some of the workers were hired as employees, but then later were asked to incorporate businesses, without any change in the work relationships' employment nature. The defendants required employees to incorporate companies to avoid the defendants' obligations under the Act.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of x-ray and ultrasound technician employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours

worked each workday and the total hours worked each workweek with respect to employees. Defendants also failed to post the required 29 C.F.R. § 516.4 posters.

## VIII

During the period since June 1, 2015, defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

    **A.**    For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.**    For an Order:

        **1.**    pursuant to section 16(c) of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

        **2.**    pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation

with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

**D.** For an Order granting such other and further relief as may be necessary and appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. ADDRESS:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.: 312/353-1144
E-mail: arumilli.elizabeth@dol.gov

_s/ Elizabeth K. Arumilli_
**ELIZABETH K. ARUMILLI**
Attorney

Attorneys for **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor, Plaintiff